In the Matter of JUDSON D. CAMPBELL, an Attorney, Respondent.

First Department, October 28, 1932.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No one appearing for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July 19, 1895, at a General Term of the Supreme Court, First Department, held in the county of New York, and has practiced as such attorney since his admission.

By the petition herein the respondent was charged with misconduct as an attorney at law as follows:

As attorney for Fannie Meshel, plaintiff, in a suit against Jacob S. Hurwitz, defendant, he concealed the settlement of the suit and the receipt of money for at least six weeks, and disclosed it only after Hyman Meshel had heard of it from a friend of Jacob S. Hurwitz. He delayed the transmission to his client of the proceeds, when paid, of certain promissory notes given in said settlement, giving his check for some of the payments when he had not sufficient funds, and the checks were returned, although eventually made good. The last two checks of the respondent, each for fifty dollars, were returned, first, for insufficient funds, and thereafter, upon redeposit, payment was stopped, these two latter checks being dated, respectively, November 6 and 13, 1930.

It is further charged that respondent collected from Jacob Hurwitz for Fannie Meshel on or about October 1, 1930, the sum of fifty dollars, and on or about November 1, 1930, the sum of fifty dollars, and converted the same to his own use, until after he had been advised, in the latter part of January, 1931, that the matter would be investigated by the committee on grievances.

The respondent answered, admitted the collections and his failure to account for the October and November payments as set forth in the petition, and explained his failure to do so upon the ground that he was without means and had been compelled to use the money, believing that Meshel would not mind his doing so. The respondent denied that he concealed the collection of the money in the first instance.

The matter was referred to an official referee to take testimony

with respect to the charges and to report the same to this court with his opinion thereon.

The learned referee has duly reported, finding the respondent guilty as charged.

The matter is now before this court upon the motion of the petitioner for confirmation of the report of the referee and for such other action as may be deemed just and proper.

The charges against the respondent are substantially admitted, with the exception that the respondent denied he had concealed the original settlement. This issue the referee has determined adversely to the respondent. The evidence sustains this finding. The learned referee further states: " Evidence of the misconduct of respondent has accumulated in this proceeding in respect to other matters, wherein he has acted as attorney. Many complaints have been made to the Committee on Grievances of the Association of the Bar of the City of New York, in fact seven since 1918 are admitted and recorded in the minutes herein. Several, however, are still undetermined. Many of these complaints have involved disputes over fees, and, in several instances, charges of conversion have been made.

" Respondent, in this proceeding, has lacked that frankness and honesty which the charges against him would seem to require, and his position as an attorney and counselor at law demand.

" Frankness and honesty would have given substance possible to his pleas of hard luck, straitened circumstances and the present depression as ameliorating circumstances for his present predicament."

Financial difficulties of an attorney afford no excuse for the conversion by him of the money of his client. There are no mitigating features present in the case at bar.

The respondent should be suspended from practice as an attorney and counselor at law for a period of two years, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent suspended for two years.